The document below is hereby signed.

Signed: December 29, 2015



*S. Martin Teel, Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ZAHIRUDDIN M. ASAD, | ) | Case No. 15-00209 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| MOHAMMAD MOFIZUL ISLAM, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Adversary Proceeding No. |
| v. | ) | 15-10011 |
| | ) | |
| ZAHIRUDDIN MUHAMMAD ASAD, | ) | |
| | ) | **Not for Publication in** |
| Defendant. | ) | **West's Bankruptcy Reporter.** |

<u>MEMORANDUM DECISION RE MOTION TO DISMISS</u>

This addresses the defendant's motion to dismiss the plaintiffs' amended complaint. The amended complaint seeks a determination of nondischargeability and, in the alternative, a denial of discharge. I will deny the motion to dismiss as to Counts Three and Four, and grant the motion as to Counts One, Two, and Five, with leave to amend.

I

One of the plaintiffs in the original complaint was Healthy & Fresh Pizzeria, LLC d/b/a Manny & Olga's Pizza.  It was not represented by counsel, and the other plaintiffs conceded that, on that basis, Healthy & Fresh Pizzeria, LLC d/b/a Manny & Olga's Pizza should be dismissed as a plaintiff.  In the amended complaint, Healthy & Fresh Pizzeria, LLC d/b/a Manny & Olga's Pizza is no longer listed as a plaintiff.  The remaining plaintiffs are Mohammad Mofizul Islam and Mohammed Shoraf Uddin.

II

Counts One and Two of the amended complaint attempt to assert a claim of nondischargeability under 11 U.S.C. § 523(a)(4), which, in relevant part, excepts from discharge debts "for fraud or defalcation while acting in a fiduciary capacity."  Count One of the amended complaint alleges in pertinent part:

> 4.   The creditors with the debtor set up the Manny and Olga's Pizza at 1409 H Street., N.E., Washington, D.C. 20002 in May, 2013 with their own capital.  The debtor was handling the financial and administrative section of the business as he knows English and technological matters better than the creditors.
>
> 5.   But he breached his fiduciary duty to his co-partners as to managing the business and kept in dark the other partners of the Pizza business though the partners tried their best to make the business successful by labor and effort.
>
> 6.   He misappropriated the profits of the business while acting as the fiduciary as partner of the business and committed the wrong of defalcation mentioned in 11

      USC § 523(a)(4).

      7. The debtor transferred fraudulently the profits from the business to his wife's account. . . .

      8. As a result the creditors filed a suit (2014 CA 002078) in the Superior Court of the District of Columbia for conversion and the court delivered a judgment in favor of the creditors of this action against the debtor.

      9. Therefore creditors demand dismissal of the discharge of the debts claimed by the debtor(s).

Count Two similarly alleges that the defendant "removed, with an intention to defraud, the profit of Manny and Olga's Pizza partnership business from the USA to Bangladesh." As is made clear by an exhibit to the opposition to the motion to dismiss, no judgments have yet been entered by the Superior Court in favor of Islam and Uddin even though the Superior Court has determined the amounts to be awarded to Islam and Uddin. The civil action in the Superior Court was stayed by the filing of the bankruptcy case before judgments could be entered awarding those amounts.[1] It is not clear upon what basis the Superior Court decided that damages could be awarded to Islam and Uddin instead of to the corporation.

The shareholder standing rule requires dismissal of these

---

[1] The Superior Court's clerk's office docket sheet entry of March 20, 2015, regarding the results of a hearing reflects the court's findings as to amounts being awarded, and that "[j]udgment is entered" in favor of Islam for $165,042.84 and "[j]udgment is entered" in favor of Uddin for $165,042.84, but "[b]oth Judgments are subject to the filing of a Service Members Affidavit as to Defendant Zahlruddin Muhammad Asad." No judgment has yet been entered.

two counts as § 523(a)(4) claims.  Healthy & Fresh Pizzeria, LLC d/b/a Manny & Olga's Pizza was a corporation, not a partnership. The complaint does not allege facts establishing that the individual plaintiffs have standing to sue.  Under D.C. Code § 29-808.01, they have no right to sue directly when their claims are "solely the result of an injury suffered or threatened to be suffered by the limited liability company."  Under case law preceding the enactment of that provision, the derivative injury rule embodied in the statute has long been a limitation on a shareholder having standing.  *See Cheeks v. Fort Myer Const. Co.*, 722 F. Supp. 2d 93, 109 (D.D.C. 2010) (a plaintiff "only has standing to assert the corporation's claims if he has some direct personal interest at stake that is distinct from the corporation's interests"); *Nanko Shipping, USA v. Alcoa, Inc.*, No. CV 14-1301 (RMC), 2015 WL 3534155, at *4 (D.D.C. June 5, 2015).  No judgment has yet been entered by the Superior Court, and this court is obligated to decide the issue of standing without being bound by the Superior Court's ruling.

   All the amended complaint alleges is that the defendant took the profits of the corporation.  That is a harm to the corporation but not a direct harm to Islam and Uddin.  To have standing, they must plead a loss sustained by them in addition to the loss sustained by the corporation.  *See In re SemCrude L.P.*,

796 F.3d 310, 316 (3d Cir. 2015).[2]  Applying Oklahoma law, the court in *SemCrude* concluded that acts that deprive a shareholder of dividends which he might otherwise have received or that depress the value of his stock do not amount to an individual loss conferring standing on the shareholder.  Here, the defendant's looting the corporation of its profits would similarly not suffice to be an individual loss conferring standing on the plaintiffs to sue.[3]  However, the court will give the plaintiffs an opportunity to amend their complaint to allege any loss sustained by them in addition to any loss suffered by the corporation.

I note that the individual plaintiffs have not alleged that they are suing derivatively on behalf of the corporation.  They are proceeding pro se, and, as already noted, that is a privilege

---

[2] The statute in *SemCrude* was similar to the D.C. statute at issue here.  See Okla. Stat. Ann. tit. 54, § 500-1001A(b) ("A partner commencing a direct action under this section is required to plead and prove an actual or threatened injury that is not solely the result of an injury suffered or threatened to be suffered by the limited partnership.").

[3] *But see Andrews v. Wells (In re Wells)*, 368 B.R. 506, 511-12 (Bankr. M.D. La. 2006), stating:

> Andrews, the sole remaining member, contributed the capital and, therefore, alone suffered the alleged loss.  Requiring Andrews to sue on behalf of a defunct limited liability company on this record would exalt form over substance.  Thus, the facts compel the conclusion that Andrews has standing to pursue the claim.

5

denied to corporate entities. *Cheeks*, 722 F. Supp. 2d at 107 n.8. Even if they had alleged that they are suing derivatively, they have failed to allege facts establishing that they are authorized to sue derivatively on behalf of the corporation. *See* D.C. Code §§ 29-808.02 and 29-808.03; Fed. R. Civ. P. 23.1.

Because the complaint fails to establish standing, I do not decide the issue of whether the complaint pleads a breach of a fiduciary relationship, but I note several basic principles underlying the issue. A plaintiff alleging defalcation or fraud by a fiduciary must show: (1) the establishment of an express or technical trust prior to the wrongdoing at issue, (2) that the debtor acted in a fiduciary capacity, and (3) the debt is based upon the debtor's fraud or defalcation while acting as a fiduciary. *Fleming v. Gordon (In re Gordon)*, 491 B.R. 691 (Bankr. D. Md. 2013) (citing *Pahlavi v. Ansari (In re Ansari)*, 113 F.3d 17, 20 (4th Cir. 1997)). A fiduciary relationship is defined more narrowly in dischargeability determinations than under general common law; "the broad, general definition of fiduciary, involving confidence, trust, and good faith, is not applicable in dischargeability proceedings under § 523(a)(4)." *Chao v. Duncan (In re Duncan)*, 331 B.R. 70, 80 (Bankr. E.D.N.Y. 2005); *see also Jacobs v. Mones (In re Mones)*, 169 B.R. 246, 255 (Bankr. D.C. 1994). Whether state statutes on limited liability corporations create a fiduciary relationship has been addressed

in conflicting decisions.  *See, e.g.*, *Clear Sky Props. LLC v. Roussel (In re Roussel)*, 504 B.R. 510, 519-22 (E.D. Ark. 2013) (answering the question in the affirmative); *Reiss v. McQuillin (In re McQuillin)*, 509 B.R. 773, 787–88 (Bankr. D. Mass. 2014) (same); *Roshan Hospitality, LLC v. Patel (In re Patel)*, 536 B.R. 1, 21 (Bankr. D.N.M. 2015) (contrary).  The plaintiffs would do well to consider the relevant case law (and not just a legal dictionary) if they seek to pursue such a claim when amending their complaint.

### III

When the plaintiffs amended the complaint, they attempted to add to Counts One and Two a claim pursuant to § 727(a)(2). Section 727(a)(2) provides in relevant part that the court shall grant the debtor a discharge unless:

> the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title has transferred, removed, ... or concealed ... property of the debtor, within one year before the date of the filing of the petition.

The plaintiffs alleged in Counts One and Two that the debtor transferred the *company's* property, not the debtor's property, to his wife and abroad to Bangladesh.  "Cases construing this section of the Act concluded that a transfer warranting a denial of discharge must be an actual 'transfer of valuable property belonging to the bankrupt which reduced the assets available to creditors and which was made with fraudulent intent.'"  *Nat'l*

7

*Bank of Commerce v. Hoffman (In re Hoffman)*, 70 B.R. 155, 159 (Bankr. W.D. Ark. 1986) (citing Collier on Bankruptcy ¶ 14.49 (14th ed. 1971) and concluding that the transfer of property by the debtor was not a basis for denial of discharge under § 727(a)(2) because, *inter alia*, the property belonged to someone else, not the debtor).  The transfer of property that does not belong to the debtor does not reduce the assets available to pay creditors; therefore, this type of transfer cannot be a basis for a denial of discharge under 11 U.S.C. § 727(a)(2).  Because the plaintiffs allege that the debtor transferred property belonging to the company, not the debtor, their claim pursuant to § 727(a)(2) must be dismissed.

IV

Counts Three and Four assert that the debtor should be denied a discharge under § 727(a)(3) by alleging that he concealed (Count Three) and destroyed and falsified (Count Four) records of the business.  According to the amended complaint,

> 14.  According to the point. 5 [sic] of the agreement concluded on 04/17/2014 between the debtor and the creditors in the civil action no. CA 2014-002078 filed in the Superior Court of the District of Columbia, the debtor was bound to provide full accounting and books before a competent accountant but the debtor did not comply with that agreement.  The debtor never appeared before any accountant and did not present the accounting and books though he was the only person handling the business account and transactions.
>
> 15.  The debtor concealed all books and documents related with the business. . . .

> 17. Though required by agreement reach [sic] in court, the debtor destroyed the accounts and books of the business and falsified some documents by hand writing for presenting before the creditors.

The plaintiffs have adequately stated a claim under § 727(a)(3). Section 727(a)(3) provides that the court shall grant the debtor a discharge, unless

> the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transaction might be ascertained, unless such act or failure to act was justified under all of the circumstances.

Courts have held that the debtor's disclosure requirement "extends beyond the property of the estate to include all 'business transactions' which shed light on the financial condition of the debtor." *Wachovia Bank, N.A. v. Spitko (In re Spitko)*, 357 B.R. 272, 307 (Bankr. E.D. Pa. 2006) (quoting *Office of Comptroller General of Republic of Bolivia ex rel. Bolivian Air Force v. Tractman*, 107 B.R. 24, 27 (S.D.N.Y. 1989)). In certain circumstances, the disclosure requirement extends to the books and records of a closely held corporation in which the debtor holds an equity interest. *Id.; Gray v. Jackson (In re Jackson)*, 453 B.R. 789, 800 (Bankr. E.D. Pa. 2011) ("[T]he books and records of the corporation can be critical in evaluating the financial condition of the individual debtor—if for no other reason, because the debtor is in a position to commingle corporate and personal assets."); *Blanchard v. Ross (In re Ross)*,

No. 97–19956DWS, 98-0246, 1999 WL 10019, at *4 (Bankr. E.D. Pa. Jan. 4, 1999) ("[C]orporate records may be the best measure of the debtor's financial condition ... [where] there is a direct interface between a business person's personal finances and the finances of the corporation."); *Pher Partners v. Womble (In re Womble)*, 289 B.R. 836, 857 (Bankr. N.D. Tex. 2003) ("A debtor's failure to document purported loans and other business transactions with related entities may violate § 727(a)(3).").

When Counts Three and Four are read alongside the facts alleged in Counts One and Two,[4] I conclude that the plaintiffs have adequately alleged that the debtor wrongfully removed profits from the business for himself, spirited those assets abroad, and then concealed, destroyed, and/or falsified the business's records to prevent anyone, including the plaintiff-creditors, from ascertaining his transactions with the business and his resulting (improved) financial condition.  Therefore I find that the plaintiffs have alleged sufficient facts to state a claim in Counts Three and Four for denial of a discharge under § 727(a)(3), and I will deny the defendant's motion to dismiss as to these counts.

V

In Count Five of the amended complaint, the plaintiffs

---

[4] At the beginnings of Counts Three and Four, the plaintiffs incorporated by reference the allegations of all preceding paragraphs.

10

assert that the debtor should be denied a discharge under 11 U.S.C. § 727(a)(4) because of a false claim on his schedule A:

> The debtor claimed that he has no real property. But to the best of our knowledge, we know that the debtor has valuable landed property in the Metropolitan of Dhaka, the capital city of Bangladesh and one of the mega cities of the world. We came to know this from the debtor himself when we had good relation [sic] among ourselves. We heard from our community that the debtor is going to buy a luxurious apartment in Dhaka with the money obtained from the business.

To assert a false oath claim under § 727(a)(4), the plaintiffs must state facts alleging: (1) the debtor made a statement under oath, (2) such statement was false, (3) the debtor knew the statement was false, (4) the debtor made the statement with fraudulent intent, and (5) the statement related materially to the bankruptcy case. *Sylvester v. Wube (In re Wube)*, Adversary No. 12-10046, 2013 WL 1137108, at *1 (Bankr. D.D.C. Mar. 19, 2013). The plaintiff have not alleged facts supporting each element of this claim; for example, they did have not alleged that the debtor made the false statement with fraudulent intent. They also did not allege that the debtor made the false statement knowingly, although arguably it may be implied by their allegation that the debtor told them he owned real property. Accordingly, this claim must be dismissed, but I will permit the plaintiffs to amend their complaint to allege additional facts supporting this claim if they can.

11

VI

An appropriate order follows.

[Signed and dated above.]

Copies to: Plaintiffs; recipients of e-notification.