The document below is hereby signed.

Signed: July 26, 2016



_S. Martin Teel, Jr._
_signature_

S. Martin Teel, Jr.
United States Bankruptcy Judge

```
               UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
ZAHIRUDDIN M. ASAD,            )    Case No. 15-00209
                               )    (Chapter 7)
            Debtor.            )
_____)
                               )
MOHAMMAD MOFIZUL ISLAM, et     )
al.,                           )
                               )
            Plaintiffs,        )
                               )    Adversary Proceeding No.
         v.                    )    15-10011
                               )    Not for Publication in
ZAHIRUDDIN M. ASAD,            )    West's Bankruptcy Reporter
                               )
            Defendant.         )
```

MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT AND SETTING DEADLINES FOR
ANSWERING OR OTHERWISE RESPONDING TO THE SECOND AMENDED COMPLAINT

The defendant and debtor, Zahiruddin Asad, filed a motion on January 11, 2016, seeking summary judgment on Counts 3 and 4 of the plaintiffs' amended complaint (Dkt. No. 27). I will deem this a motion for summary judgment regarding Counts 3 and 4 of the plaintiffs' second amended complaint (Dkt. No. 49).

I

The court dismissed Counts 1, 2, and 5 of the amended complaint on December 29, 2015, with leave to amend. On January 11, 2016, the defendant filed the instant motion for summary judgment regarding Counts 3 and 4. On that same day, the plaintiffs filed their second amended complaint, retaining Counts 3 and 4 and repleading Counts 1, 2, and 5.[1] The defendant then filed what he styled as a *Supplemental Memorandum in Support of Defendant's Motion to Dismiss Plaintiffs* [sic] *Second Amended Complaint and in the Alternative for Summary Judgment*. In the first paragraph of the *Supplemental Memorandum*, the defendant asks the court to consider the *Supplemental Memorandum* in conjunction with the previously filed motion for summary judgment (which related only to Counts 3 and 4), and further asks that summary judgment be granted as to all counts of the second amended complaint, not just Counts 3 and 4.

A.

In the *Supplemental Memorandum*, the defendant restates large portions of the motion for summary judgment, he criticizes the second amended complaint on the grounds that Counts 1, 2, and 5 continue to be deficient, and he complains that the plaintiffs

---

[1] Although the plaintiffs filed the second amended complaint on January 11, 2016, it was not entered on the court's electronic docket until the following day.

have violated the rules of discovery.  This *Supplemental Memorandum* is problematic for several reasons.  First, the defendant has not filed a motion to dismiss the plaintiffs' second amended complaint, so it is not clear how the filing could be a supplemental memorandum to such a motion.  Second, the *Supplemental Memorandum* is styled as a supplement to a previously filed motion, yet through this filing the defendant seeks, for the first time, a grant of summary judgment as to all five counts of the second amended complaint.  The requested relief goes beyond what was requested in the motion for summary judgment (which related only to Counts 3 and 4), yet the title of the document gives no indication that this "supplement" includes a more expansive request for relief.  Finally, the defendant, in his *Supplemental Memorandum*, alleges that the plaintiffs have violated the rules of discovery.  This is not the appropriate way to bring a discovery dispute before the court.  If the defendant seeks relief from the plaintiffs' alleged violations of the rules of discovery, he must file a separate motion.

    The defendant having styled the filing as a supplement to a previously filed motion, and with the previously filed motion having sought relief only with respect to Counts 3 and 4, it would be prejudicial to the plaintiffs to treat the *Supplemental Memorandum* as a motion for summary judgment as to all five counts of the second amended complaint.  The plaintiffs are entitled to

fair notice of the scope of relief being sought against them, and expanding the prayer for relief of a motion for summary judgment through a filing that is styled as a supplemental memorandum does not constitute fair notice. Accordingly, I will treat the motion, as supplemented, as relating only to Counts 3 and 4.

B.

The defendant filed the motion for summary judgment regarding Counts 3 and 4 before the second amended complaint appeared on the court's electronic docket. Counts 3 and 4 of the second amended complaint remain, in substance, the same as Counts 3 and 4 of the amended complaint.[2] Accordingly, I deem it procedurally unnecessary to require a refiling of the motion solely to clarify that relief is sought as to Counts 3 and 4 of the second amended complaint as opposed to Counts 3 and 4 of the amended complaint. Likewise, because I am denying the motion, the plaintiffs will not be prejudiced by my addressing the motion at this juncture, even if they had reason to believe the motion would be treated as relating only to the amended complaint and thus not requiring a response. I will therefore treat the *Supplemental Memorandum* as a request that the court deem the

---

[2] Certain new allegations are made elsewhere in the second amended complaint, and incorporated by reference into Counts 3 and 4. However, those allegations are irrelevant to the claims in Counts 3 and 4, claims under 11 U.S.C. § 727(a)(3). Counts 3 and 4 of the second amended complaint are otherwise identical to those of the first amended complaint.

4

defendant's motion for summary judgment regarding Counts 3 and 4 of the amended complaint to be a motion for summary judgment regarding Counts 3 and 4 of the second amended complaint.  I will grant that request, and for reasons discussed later, I will deny the deemed-motion-for-summary-judgment regarding Counts 3 and 4 of the second amended complaint.[3]  Because I am denying the motion, it is unnecessary to set a deadline for the plaintiffs to file a response.

II

Counts 3 and 4 assert claims under 11 U.S.C. § 727(a)(3) to deny the defendant a discharge.  Section 727(a)(3) contains no time limit for when the type of misconduct listed in that provision must have occurred in order for a discharge to be denied.  The defendant asserts that there is no genuine dispute of material fact and that he is entitled to summary judgment as a matter of law.  In support, he

> submits that the facts of the case support the proposition that the Plaintiffs' business ceased to operate more than one year prior to the filing of the

---

[3] In accordance with Fed. R. Civ. P. 12(a), the defendant will be required to file an answer to Counts 3 and 4 of the second amended complaint within 14 days after entry of this order.  As to the other counts of the second amended complaint, no proper motion to dismiss or answer has been timely filed.  But the *Supplemental Memorandum in Support of Defendant's Motion to Dismiss Plaintiffs* [sic] *Second Amended Complaint and in the Alternative for Summary Judgment* makes it evident that the defendant intends to defend against those counts.  I will thus require the defendant within 14 days after entry of this order to answer or otherwise respond to those counts.

5

>     bankruptcy case. As a result, any alleged violative
>     activity ended with the cessation of the business.
>     Therefore, the time frame for the look back period
>     imposed under 11 U.S.C. § 727(a)(7), nullifies Counts 3
>     and 4 of the amended complaint.

The defendant's argument is premised on a misunderstanding of § 727(a)(7). The plaintiffs have not invoked § 727(a)(7), and that provision has no applicability to this case. That provision applies only when a plaintiff asserts that the debtor "committed any act specified in paragraph (2), (3), (4), (5), or (6) of this subsection, on or within one year before the date of the filing of the petition, or during the case, in connection with another case, under this title . . ., concerning an insider." This provision only applies to misconduct in connection with *another* case concerning an *insider*, *see* 6 Collier on Bankruptcy ¶ 727.10 (16th ed. 2013), and comes into play only when a plaintiff seeks a denial of discharge based on the provision. The plaintiffs have not asserted claims under § 727(a)(7), and the claims at issue do not involve misconduct in connection with another case concerning an insider. Accordingly, the court rejects the defendant's argument that § 727(a)(7) "nullifies" Counts 3 and 4 such that he is entitled to an award of summary judgment in his favor.

The defendant having failed to show that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law, his motion must be denied.

III

In accordance with the foregoing, it is

ORDERED that the court deems the defendant's *Motion for Summary* [sic] (Dkt. No. 46) a motion for summary judgment regarding Counts 3 and 4 of the second amended complaint, and that motion is DENIED.  It is further

ORDERED that within 14 days after entry of this order, the defendant shall:

    (1) file an answer to Counts 3 and 4 of the second amended complaint; and

    (2) shall answer or otherwise respond by a motion under Fed. R. Civ. P. 12 to the other counts of the second amended complaint.

                                                [Signed and dated above.]


Copies to: Plaintiffs; recipients of e-notification of filings.